IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON D. RIMEL,)
)
        Plaintiff,)
)
  -vs-)  Civil Action No. 11-538
)
MICHAEL J. ASTRUE, Commissioner of)
Social Security,)
)
        Defendant.)

AMBROSE, Senior District Judge.

## OPINION
### and
### ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 8 and 11). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 9 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 11) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 8).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and social security income pursuant to the Social Security Act ("Act"). On January 14, 2007, Plaintiff filed an application alleging that since June 2, 2005, he had been disabled due to obsessive compulsive disorder, anxiety and depression. (R. 267-274, 295-300). Administrative Law Judge Donald T. McDougall held a hearing on July 9, 2008. (R. 140-168). On December 1, 2008, ALJ McDougall found that Plaintiff was not disabled under the Social Security Act. (R. 175-188).

On July 28, 2009, the Appeals Council issued an order remanding the case back to an ALJ for an evaluation of the opinions of Sharon G. Rechter, M.D., the treating psychiatrist, as set forth in Exhibit 12F.  (R. 189-192).

On remand, the case was assigned to ALJ J. E. Sullivan and a hearing was held on November 12, 2009.  (R. 44-139).  Three witnesses testified at the hearing: Plaintiff, a medical expert, Richard Cohen, M.D., and a vocational expert.  *Id.*

On January 28, 2010, ALJ Sullivan found that Plaintiff was not disabled under the Social Security Act.  (R. 8-43).  After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 11). The issues are now ripe for review.

## II.  **LEGAL ANALYSIS**

### A.  **STANDARD OF REVIEW**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).   Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court

must review the record as a whole. See, 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

B. **WHETHER THE ALJ ERRED IN FAILING TO GIVE THE OPINIONS OF PLAINTIFF'S TREATING PSYCHIATRIST, SHARON G. RECHTER, M.D., CONTROLLING WEIGHT**

Plaintiff argues that the ALJ erred in failing to accord controlling weight to the opinions of his treating psychiatrist, Sharon G. Rechter, M.D. (ECF No. 9, pp. 15-19).

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir.2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir.1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010).

Here, the ALJ rejected Dr. Rechter's opinions because they contradicted her own records, they were substantially subjective, and they conflicted with other evidence of record. (ECF No. 4-2, p. 27). The ALJ explained the evidence that led her to make these conclusions. (ECF No. 4-2, pp. 16-26). For example, Dr. Rechter did not consider the Plaintiff's drug and alcohol use in her assessment. *Id.* To that end, Dr. Rechter's opinions conflicted with the evidence of record and the opinions of Dr. Cohen, a non-examining psychiatrist. In addition, Dr. Rechter's opinion regarding social limitations conflicted with Plaintiff's own reports of activities. After a review of the record, I find the ALJ's extensive analysis of the evidence was sufficient to support her judgment. *Id.* Therefore, I find no error by the ALJ in discounting Rechter's opinions.

4

C.  **WHETHER THE ALJ COMMITTED REVERSIBLE ERROR WHEN SHE ASKED PLAINTIFF QUESTIONS ABOUT HIS PRIVATE SEX LIFE**

Plaintiff argues that the ALJ committed reversible error by "posing numerous irrelevant and embarrassing questions to Rimel about who he was having sexual relations with and how often.…The ALJ wanted to know who paid for the hotel rooms on those occasions when Rimel and his partner arranged to meet at a hotel." (ECF No. 9, pp. 19-20). As a result, Plaintiff argues that he was denied a fair hearing because the ALJ acted improperly and exhibited bias. *Id.* at 19.

An ALJ is charged with the responsibility of determining credibility and medical consistency. Given Dr. Rechter's prescription of Viagra and her diagnosis of extreme limitations in social functioning, I agree with Defendant that the ALJ's questions surrounding Plaintiff's sexual activities constituted an attempt to render an informed decision, rather than some sort of bias depriving Plaintiff of a fair hearing. Thus, I find no error in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON D. RIMEL,  )
 )
      Plaintiff,  )
 )
-vs- ) Civil Action No. 11-538
 )
MICHAEL J. ASTRUE, Commissioner of )
Social Security, )
 )
      Defendant.  )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 16th day of May 2012, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

      BY THE COURT:

      s/ Donetta W. Ambrose
      Donetta W. Ambrose
      United States Senior District Judge